O

United States District Court
Central District of California

| | |
|---|---|
| YONI MAJANO,<br><br>                    Plaintiff,<br><br>       v.<br><br>SPECIALIZED LOAN SERVICING, LLC et al.,<br><br>                    Defendants. | Case № 2:22-cv-07156-ODW (SKx)<br><br>**ORDER GRANTING MOTION TO DISMISS [10]** |

## I.      INTRODUCTION

Plaintiff Yoni Majano brings this action against Defendants Specialized Loan Servicing, LLC and Bank of New York Mellon arising from Defendants' allegedly unlawful foreclosure proceedings. (Notice Removal ("NOR"), Ex. A (Compl.), ECF No. 1-1.)  Defendants now move to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss Compl. ("Motion" or "Mot."), ECF No. 10.)  For the following reasons, the Court **GRANTS** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.  BACKGROUND

On December 16, 2005, Plaintiff Majano obtained a second mortgage loan ("Loan") in the amount of $66,000 on a residential property in Palmdale, California ("Subject Property"). (Compl. ¶¶ 1, 10, 16.)  On July 9, 2019, the Loan was assigned to Defendant Bank of New York Mellon, who remains the current beneficiary of the Loan.  (*Id.* ¶¶ 3, 11.)  Defendant Specialized Loan Servicing is the current loan servicer for the Loan.  (*Id.* ¶ 2.)

Majano alleges that the Loan "matured" in 2009, yet there was "no attempt to collect" on it.  (*Id.* ¶¶ 14–15.)  Majano further alleges that he did not receive loan statements for the Loan until December 2020, when he received a statement showing that he owed $123,328.06.  (*Id.* ¶¶ 12, 18.)  Majano alleges Defendants failed to fulfill other obligations in relation to the Loan, although the nature of these allegations is often not clear.  (*See, e.g.*, *id.* ¶¶ 18, 20.)

On May 2, 2022, a Notice of Default and Election to Sell Under Deed of Trust was recorded for the Subject Property.  (*Id.* ¶ 13.)

On August 8, 2022, Majano filed the Complaint in Los Angeles Superior Court.  (Compl.)  Defendants subsequently removed the case to this Court.  (NOR.)  Majano asserts eight causes of action: (1) violation of California Civil Code section 2923.5 for failure to notify the homeowner about possible foreclosure; (2) violation of California Civil Code section 2924(a)(1) for lack of authority to foreclose on property; (3) violation of California Civil Code section 2924.9 for failure to provide homeowner with foreclosure alternatives; (4) violation of the Truth in Lending Act, 12 C.F.R. § 1026.41, for failure to provide a periodic loan statement; (5) violation of the Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code § 1788.30; (6) violation of California Financial Code section 4978(a); (7) unfair business practices in violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (8) cancellation of written instruments, Cal. Civ. Code § 3412.  (Compl. ¶¶ 21–85.)  On November 4, 2022, Defendants moved to dismiss all of the causes of

action in the Complaint. (Mot.) The Motion is fully briefed.[2] (Opp'n, ECF No. 12; Reply, ECF No. 13.)

### III. LEGAL STANDARDS

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to this standard, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and "must construe all factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, a court need not blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an

---

[2] In connection with the Motion, Defendants request that the Court take judicial notice of certain documents demonstrating the Subject Property's chain of title. (*See* Req. Jud. Notice, ECF No. 11.) The Court does not rely on these documents in resolving the Motion, and accordingly, the Court **DENIES AS MOOT** Defendants' request.

entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("Leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

## IV. DISCUSSION

As an initial matter, in response to the Motion, Majano agrees to voluntarily dismiss his first, second, and third causes of action. (Opp'n 4.) Accordingly, the Court **GRANTS** Defendants' Motion as to Majano's first, second, and third causes of action and **DISMISSES** these claims **without leave to amend**.

The Court considers each of Majano's fourth through eighth causes of action to determine whether Majano states a claim. (*See* Mot. 5–12.)

### A. Fourth Cause of Action—Violation of the Truth in Lending Act

Majano alleges that Defendant Specialized Loan Servicing violated the Truth in Lending Act by allowing interest to accrue and charging other fees on the Loan after it was charged off[3] or, if the Loan was not charged off, failing to provide monthly loan statements from 2009 to 2012 in violation of 12 C.F.R. § 1026.41. (Compl. ¶¶ 38–50.) Majano seeks damages for this violation pursuant to 15 U.S.C. § 1640(a) and

---

[3] If a loan is "charged off," the loan servicer will not charge any additional fees or interest on the account. *See* 12 C.F.R. § 1026.41(e)(6)(i)(A).

rescission of the loan pursuant to 15 U.S.C. § 1639(j).[4] (*Id.* ¶¶ 49–50.) Defendants move to dismiss this claim on the grounds that it is barred by the statute of limitations and Majano otherwise fails to sufficiently plead this claim. (Mot. 5–6.)

Defendants argue that damages claims under the Truth in Lending Act are subject to either a one-year or three-year statute of limitations depending on the violation asserted, which runs from "the date of the occurrence of the violation." (*See* Mot. 5 (quoting 15 U.S.C. § 1640(e).)  According to this argument, Majano's claim for damages for alleged violations of the Truth in Lending Act that occurred in 2009 through 2012 would be time-barred. (*Id.*)  Majano fails to address Defendants' argument that his damages claim is time-barred and, thus, he concedes it. (Opp'n 4–5); *see Star Fabrics, Inc. v. Ross Stores, Inc.*, No. 2:17-cv-05877-PA (PLAx), 2017 WL 10439691, at *3 (C.D. Cal. Nov. 20, 2017) ("Where a party fails to oppose arguments made in a motion, a court may find that the party has conceded those arguments . . . .").

Further, the Court finds that Majano fails to sufficiently allege facts in support of his Truth and Lending Act claim. For example, Majano alleges he was advised that the Loan was charged off and that he illegally accrued interest and other fees for the duration of time the Loan was charged off. (Compl. ¶ 44.)  However, Majano fails to allege facts indicating when or how he was advised that the Loan was charged off, the period of time during which he accrued interest and fees, or the nature of the interest and fees that he allegedly accrued. (*See id.* ¶¶ 38–50); *see Novobilski v. Specialized Loan Servicing, LLC*, No. 2:22-cv-00147-MEMF (MARx), 2022 WL 3566812, at *10 (C.D. Cal. Aug. 16, 2022) (dismissing complaint where the allegations "failed to

---

[4] In the Complaint, Majano cites to 15 C.F.R. § 1639(j), a statutory provision which, as far as this Court can tell, does not exist. As best the Court can tell, this was a scrivener's error, and Majano intends to cite 15 U.S.C. § 1639(j).

provide any insight into why [Plaintiffs] believed the loan was 'charged off' or the amount in interest and other fees accrued").

Accordingly, the Court **GRANTS** Defendants' Motion as to Majano's fourth cause of action and **DISMISSES** this claim **with leave to amend**.

**B.     Fifth Cause of Action—Violation of the Rosenthal Fair Debt Collection Practice Act**

Majano alleges Defendants violated the Rosenthal Fair Debt Collection Practice Act. (Compl. ¶¶ 51–61.) The Rosenthal Act is California's equivalent of the Fair Debt Collection Practices Act, which seeks to protect consumers against deceptive debt collection practices. *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1099, 1103 (9th Cir. 2012). Defendants argue that Majano fails to allege sufficient facts in support of this claim. (Mot. 6–7.)

Majano fails to address Defendants' arguments in support of dismissal of his fifth cause of action. (*See generally* Opp'n.) Accordingly, Majano concedes that he fails to state a claim. *See Star Fabrics*, 2017 WL 10439691, at *3.

Moreover, the Court finds that Majano fails to sufficiently allege his claim under the Rosenthal Act. For example, Majano alleges Defendants "misrepresented the amount of the debt by including interest and fees that it is federally prohibited from collecting" without specifying the specific nature of the debt that Defendants allegedly misrepresented or the allegedly applicable laws prohibiting the collection of interest and fees. (Compl. ¶ 54.) Majano also alleges that Defendants "made other false statements to [Majano] regarding the amount of the his [sic] debt," but Majano fails to provide further details about the timing or substance of these allegedly false statements. (*Id.* ¶ 55.)

In all, Majano's allegations are vague, not chronological, and difficult to decipher. As such, Majano fails to provide Defendants with sufficient notice of the nature of his claim. *See Del Rosario v. Yakte Props., LLC*, No. 2:21-cv-01304-KJM (JDPx), 2021 WL 4123820, at *2 (E.D. Cal. Sept. 9, 2021) (dismissing claim under

Rosenthal Act where plaintiff alleged defendant "misrepresented the amount of her debt by including unspecified 'interest and fees' that it was 'federally prohibited from collecting' under unspecified laws" and that defendant "made other false statements").

Accordingly, the Court **GRANTS** Defendants' Motion as to Majano's fifth cause of action and **DISMISSES** this claim **with leave to amend**.

**C.   Sixth Cause of Action—Violation of California Financial Code Section 4978(a)**

In his sixth cause of action, Majano asserts a claim under California Financial Code section 4978(a), which creates a civil cause of action for predatory lending practices that violate California's Financial Code. (Compl. ¶¶ 62–69.) Defendants move to dismiss on the basis that this claim is time-barred and Majano otherwise fails to allege any facts in support of this claim. (Mot. 7–8.)

Defendants argue that pursuant to California Code of Civil Procedure section 340, this claim is subject to a one-year statute of limitations. (*Id.* at 7.) Defendants further argue that, because Majano brought suit "more than seventeen years after the [Loan] was consummated," any alleged violation is time-barred. (*Id.*) Majano fails to address Defendants' argument that this claim is barred by the statute of limitations and, thus, he concedes it. (Opp'n 5–6); *see Star Fabrics*, 2017 WL 10439691, at *3.

Moreover, Majano's allegations in support of his claim consist of no more than a recitation of statutory provisions and available remedies. (*See* Compl. ¶¶ 62–69.) Majano does not provide a factual basis for his claim, and as such, he fails to state a claim showing that he is entitled to relief.

Accordingly, the Court **GRANTS** Defendants' Motion as to Majano's sixth cause of action and **DISMISSES** this claim **with leave to amend**.

**D.   Seventh Cause of Action—Violation of California's UCL**

Majano alleges Defendants violated the unfair, unlawful, and fraudulent prongs of the UCL. (*Id.* ¶¶ 70–81.) Defendants argue that Majano's UCL claim fails because

Majano lacks standing to bring a UCL claim and fails to allege that Defendants engaged in any unfair, unlawful, and fraudulent business practices. (Mot. 8–11.) Majano fails to address Defendants' standing argument. (*See* Opp'n 6–8.)

First, to the extent Majano bases his UCL claim on the conduct alleged in the substantive causes of action addressed above, the UCL claim fails along with those causes of action. *See Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001), as modified (May 22, 2001) (holding that derivative UCL claims "stand or fall depending on the fate of the antecedent substantive causes of action").

Moreover, Majano fails to establish standing under the UCL. The UCL provides a private right of action only for those "persons who have 'suffered injury in fact and [have] lost money or property as a result of the unfair competition.'" *Do v. Am. Home Mortg. Servicing, Inc.*, No. 8:11-cv-00324-JST (JCGx), 2011 WL 5593935, at *5 (C.D. Cal. Nov. 17, 2011) (alteration in original) (quoting Cal. Bus. & Prof. Code § 17204). Here, Majano alleges he suffered an injury with "the loss of the equity in the value of the Subject Property, and the costs of seeking a remedy." (Compl. ¶ 79.) However, it is not clear from the Complaint what acts by Defendants led to the loss of equity in the Subject Property. Majano fails to allege facts that sufficiently describe his loss and connect that loss to Defendants' unfair competition. Thus, Majano lacks standing to pursue his UCL claim as currently pleaded.

Accordingly, the Court **GRANTS** Defendants' Motion as to Majano's seventh cause of action and **DISMISSES** this claim **with leave to amend**.

### E. Eighth Cause of Action—Cancellation of Written Instruments

Finally, Majano asserts a claim for cancellation of written instruments. (*Id.* ¶¶ 83–84.) Defendants seek to dismiss this claim on the ground that Majano fails to plead any facts to support his claim. (Mot. 11–12.)

Under California Civil Code section 3412, "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be

so adjudged, and ordered to be delivered up or canceled." In support of this claim, Majano alleges only that he "has a reasonable belief that the Notice of Default . . . is voidable or void ab initio" and "has a reasonable apprehension that if [it] is left outstanding, [it] may cause serious injury to" Majano. (Compl. ¶¶ 83–84.) Majano does not make further factual allegations in support of this claim. (*See generally id.* ¶¶ 82–85.)

The Court finds that Majano's allegations are conclusory and unsupported by sufficient factual allegations. In addition, to the extent this claim is premised on the conduct alleged in Majano's other substantive causes of action, the Court finds that this claim likewise fails.

Accordingly, the Court **GRANTS** Defendants' Motion as to Majano's eighth cause of action and **DISMISSES** this claim **with leave to amend**.

V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss **with leave to amend** to address the deficiencies consistent with the above discussion. (ECF No. 10.) If Majano chooses to amend, his First Amended Complaint is due no later than twenty-one (21) days from the date of this Order, in which case Defendants shall answer or otherwise respond within fourteen (14) days of the filing. If Majano does not amend, then the dismissal of Majano's claims shall be deemed a dismissal with prejudice as of the lapse of his deadline to amend.

**IT IS SO ORDERED.**

April 12, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**